UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BINDER TAL,  :
               Petitioner,  :  **MEMORANDUM OPINION**
                        :  **AND ORDER**
v.  :
                        :  17 CV 9620 (VB)
UNITED STATES OF AMERICA,  :  16 CR 154 (VB)
             Respondent.  :
--------------------------------------------------------------x

Briccetti, J.:

     Petitioner Binder Tal, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing, among other things, that his counsel provided him with constitutionally ineffective assistance at sentencing.

     For the reasons set forth below, the motion is DENIED as untimely and the petition is DISMISSED.

## BACKGROUND

     The papers in support of and in opposition to the motion, and the record of the underlying criminal proceedings, reflect the following:

     On February 24, 2016, pursuant to a plea agreement, petitioner pleaded guilty to a one count felony information charging him with participating in a conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. The conspiracy involved four separate fraud schemes committed over a six year period. The loss for purposes of calculating the sentencing guidelines range exceeded $500,000, although the actual compensable loss was approximately $450,000. In addition, petitioner had several prior convictions. On August 2, 2016, the Court sentenced petitioner to 30 months' imprisonment, as well as five years' supervised release and restitution in the amount of $454,331.58. As part of sentencing, the Court also issued an order of forfeiture on

1

consent, in the amount of $526,120.74.  Judgment was entered on August 3, 2016.  (Doc. #71).[1]  Petitioner did not appeal his conviction or sentence.

On October 26, 2017, the Court received from petitioner a document entitled "request for status and scheduling," in which petitioner asked for information regarding a Section 2255 motion he supposedly filed "[s]everal weeks ago."  (Doc. #75).  Because the Court had no record of a Section 2255 motion having been filed, by memorandum endorsement order dated November 2, 2017, the Court directed petitioner to produce any record or evidence of his having mailed or submitted such a motion.  (Doc. #76).

Petitioner did not submit any such evidence in response to the Court's Order.  Instead, he filed a Section 2255 motion, denominated as such, on November 30, 2017.  (Doc. #77).  That motion was purportedly dated "July 26, 2017," but it was postmarked November 28, 2017.  In addition, although the motion purported to be signed by petitioner, it appeared to have been mailed to the Court, and perhaps signed by, Baldev Tal, petitioner's brother.  Baldev Tal had been separately convicted and sentenced in a related case (16 CR 88), and Baldev Tal and petitioner were serving their sentences at separate facilities.

On December 12, 2017, the Court directed the government to limit its response to the 2255 motion to two issues: (i) whether petitioner signed and filed the Section 2255 motion himself, and (ii) whether the motion was timely filed.  (Doc. #78).

Thereafter, on January 11, 2018, plaintiff filed a document entitled "supplement to petition of evidence," dated December 28 2017, to which he attached a one-page unaddressed and untitled form, dated August 31, 2017, purportedly from the United States District Court for

---

[1]  "Doc. #__" refers to documents filed in the ECF docket for the underlying criminal case, 16 CR 154 (VB).

the Eastern District of Michigan, indicating that certain unidentified documents were being returned to some unidentified person because they "were sent to the wrong court." (Doc. #79). Petitioner claimed to have authorized his brother, Baldev Tal, to sign documents on petitioner's behalf in this case, but said nothing about the attached form from the Eastern District of Michigan.

Petitioner also filed a second document on January 11, 2018, this one entitled "supplemental petition and evidence." (Doc. #80). In that document, petitioner claimed to have mailed his Section 2255 motion to the Southern District of New York, but, for reasons he could not explain, the motion was somehow misdirected to the Eastern District of Michigan, and then returned to him (or perhaps to Baldev Tal) from that court. Petitioner also stated that he "has been sending his petitions and motion through his brother."

## DISCUSSION

The government contends petitioner's 2255 motion is barred by the one-year statute of limitations in 28 U.S.C. § 2255(f).

The Court agrees.

A motion to vacate, correct or set aside a sentence must be filed within one year of the date a judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, petitioner's conviction became final on August 17, 2016, fourteen days after the judgment was entered. This is because petitioner's time to file a direct appeal expired fourteen days after the entry of judgment, Fed. R. App. P. 4(b)(1), and an "unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Therefore, to be timely, petitioner's Section 2255 motion would have had to have been filed by August 17, 2017.

3

Petitioner's 2255 motion was filed November 30, 2017, more than three months after the one-year statute of limitations expired.

Petitioner nonetheless contends he attempted to mail his 2255 motion to this Court in July 2017, and that it was somehow misdirected to the United States District Court for the Eastern District of Michigan, relying on a form he says he received from the Eastern District of Michigan dated August 31, 2017, stating that the "documents were sent to the wrong court." But that form is not addressed to anyone and does not identify any documents or specify the case to which it pertains.

Although the one-year statute of limitations is subject to equitable tolling, petitioner is entitled to such relief only if he shows both that he pursued his rights diligently and that some extraordinary circumstance prevented a timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010); accord, Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2005). Indeed, if petitioner could have filed the 2255 motion on time notwithstanding the alleged extraordinary circumstance, equitable tolling is not available. See Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001).

Here, the "evidence" submitted by petitioner is proof of nothing. It is a form from another court sent to some unnamed person purporting to relate to documents that are not identified with respect to a case that is not specified. Petitioner's name does not appear on the form, and is there no reference to the documents' relationship to the instant case.

Moreover, petitioner made no mention of this form, which bears the date August 31, 2017, in his initial "request for status and scheduling," which was filed on October 26, 2017. (Doc. #75). Nor did he mention it in the Section 2255 motion itself, filed on November 30, 2017 (Doc. #77). Both of these filings were submitted long after August 31, 2017 – the date on the

4

form – but neither contained any reference to the form. Curiously, it was only after the Court directed the government to address the timeliness of petitioner's 2255 motion on December 12, 2017 (Doc. #78), that petitioner first produced the form and claimed, in supplemental filings on January 11, 2018, that his "documents" had somehow been misdirected to the Eastern District of Michigan. (Doc. ##79, 80).

In addition, petitioner's 2255 motion is purportedly dated "July 26, 2018" (Doc. #77), more than one month before the motion was allegedly returned by the Eastern District of Michigan. It is, to say the least, highly unlikely that the Eastern District of Michigan would have taken more than a month to figure out that a 2255 motion addressed to the Southern District of New York had mistakenly been sent to the Eastern District of Michigan.

In short, it is not remotely plausible that petitioner attempted to file his 2255 motion before the statute of limitations expired on August 17, 2017. Therefore, petitioner has not shown that some extraordinary circumstance prevented him from timely filing his 2255 motion, and equitable tolling is not available.

Although not necessary to its decision, the Court notes that petitioner admits he did not sign and file the Section 2255 motion himself. (Doc. ##79, 80). This violates Rule 11(a) of the Federal Rules of Civil Procedure, which provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented" by counsel. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause.")

In sum, petitioner's Section 2255 motion is untimely, and his petition must therefore be dismissed.

Because the motion is denied as untimely, the Court need not reach the merits of the petition.

## CONCLUSION

Petitioner Binder Tal's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the open motion in Case No. 17 CV 9620 (Doc. #13), and close that case.

The Clerk is further instructed to mail a copy of this memorandum opinion and order to plaintiff at his address on the docket for Case No. 17 CV 9620.

Dated: October 2, 2018
       White Plains, NY

                        SO ORDERED:

                        Vincent L. Briccetti
                        United States District Judge