Copies Mailed/Faxed to
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA                          :
                                                  :    **ORDER**
v.                                                :
                                                  :    16 CR 154 (VB)
BINDER TAL,                                       :
              Defendant.                          :
                                                  :
------------------------------------------------------------x

     Defendant Binder Tal has submitted a motion for early termination of supervised release, dated October 13, 2021. (Doc. #91). Although 18 U.S.C. § 3583(e)(1) permits the Court to terminate supervised release after the expiration of one year of supervised release, the Court declines to do so at this time.

     The Court has been advised by defendant's probation officer that defendant has served approximately three years of his five-year term of supervised release (which commenced on November 21, 2018) without incident, which is to defendant's credit. However, compliance with the terms and conditions of supervised release is what is required by law, such that defendant here has done nothing more than comply with the law. Moreover, the burdens placed on defendant are not substantial—he is required to meet with his probation officer on a quarterly basis and to make monthly restitution payments. In his motion, defendant does not contend his supervision is impeding his ability to work, travel, or otherwise live a law-abiding life. If defendant needed to travel for work purposes, the Court would likely grant any reasonable request absent objection from his probation officer. Also, defendant had a significant role in a large-scale fraud offense, and his five-year term of supervised release is an important component of the sentence imposed. Finally, as set forth in the Court's memorandum opinion and order dated October 2, 2018 (Doc. #87), defendant made a number of implausible claims in his previously filed Section 2255 motion, which remains a matter of concern to the Court.

     Notwithstanding the foregoing, defendant may re-apply for early termination of supervised release after he completes four years of his five-year term.

     Defendant's motion for early termination of supervised release is DENIED.

     Chambers will mail a copy of this Order to defendant Tal at the following address:

Binder Tal
6678 Overlook Road
Orefield, PA 18069

Dated: October 29, 2021       SO ORDERED:
      White Plains, NY

                                                  Vincent L. Briccetti, U.S.D.J.